1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                     EASTERN DISTRICT OF CALIFORNIA

10

11    G & G CLOSED CIRCUIT EVENTS,          No.  2:22-cv-1059-JAM-KJN
      LLC,
12
                    Plaintiff,
13                                           **ORDER GRANTING IN PART AND**
            v.                               **DENYING IN PART PLAINTIFF'S**
14                                           **MOTION FOR ATTORNEYS' FEES AND**
      EVERETT HUNTER, et al.,                **COSTS PURSUANT TO 47 U.S.C.**
15                                           **§ 605(e)(3)(B)(iii)**
                    Defendants.
16

17

18        Plaintiff G & G Closed Circuit Events, LLC's ("Plaintiff")

19   obtained default judgment in this action.  Default Judgment

20   Order, ECF No. 36.  As the prevailing party, Plaintiff now seeks

21   attorneys' fees and costs pursuant to 47 U.S.C. section

22   605(e)(3)(B)(iii).  Mot., ECF No. 38.  Since the defendants in

23   this action have not appeared, the motion is unopposed.  <u>See</u>

24   <u>generally</u>, Dkt.  For the reasons set forth below, the Court

25   GRANTS IN PART and DENIES IN PART Plaintiff's motion.[1]

26   ///

27   _____

28   [1]This matter is determined to be suitable for decision without
     oral argument.  E.D. Cal. L.R. 230(g).

                                    1

1   I.   OPINION

2       A.   Factual Background

3       Plaintiff filed its First Amended Complaint on November 8,

4   2022, against multiple defendants for the allegedly unlawful

5   broadcast of a sporting event in which Plaintiff possessed the

6   exclusive right to distribute.  See First Am. Compl. ("FAC"),

7   ECF No. 17.  The FAC asserts violations of the Federal

8   Communications Act of 1934, 47 U.S.C. § 605, among other claims.

9   Id.

10      Defendants Everett Hunter and Port City Sports Bar and

11  Grill, LLC failed to file a responsive pleading to the FAC, see

12  Dkt., and the Clerk of Court entered default as to those

13  defendants on December 23, 2022.  Clerk's Entry of Default, ECF

14  No. 27.  The only remaining defendant, Tommy Barksdale, was

15  later dismissed without prejudice.  Minute Order, ECF No. 30.

16  Plaintiff then moved for default judgment.  Plf.'s Mot. for

17  Default Judgment, ECF No. 31.  The Magistrate Judge found and

18  recommended that default judgment be entered and that Plaintiff

19  be awarded damages in the sum of $6,900.00.  Findings and

20  Recommendations, ECF No. 34.  This Court adopted the Magistrate

21  Judge's findings and recommendations in full and ordered

22  Plaintiff to file a motion for costs and fees within 14 days.

23  Default Judgment Order, ECF No. 36.  Plaintiff timely filed the

24  instant motion, seeking $12,818.40 in fees and $2,338.47 in

25  costs under 47 U.S.C. section 605(e)(3)(B)(iii).  Mot. at 7.

26  ///

27  ///

28  ///

2

1         B.   <u>Legal Standard</u>

2         An aggrieved party that prevails under the Federal

3    Communications Act is entitled to recover "full costs,"

4    including "reasonable attorneys' fees." 47 U.S.C.

5    § 605(e)(3)(B)(iii). A "person aggrieved" includes a party

6    "with proprietary rights in the intercepted communication by

7    wire or radio, including wholesale or retail distributors of

8    satellite cable programming . . . ." <u>Id.</u> at § 605(d)(6).

9    Because default judgment has been entered as to this claim, and

10   based on the Magistrate Judge's Findings and Recommendations,

11   Plaintiff necessarily qualifies as an aggrieved party who

12   prevailed and may thus recover "full costs" under section 605.

13        "Once a party is found eligible for fees, the district

14   court must then determine what fees are reasonable." <u>Roberts v.</u>

15   <u>City of Honolulu</u>, 938 F.3d 1020, 1023 (9th Cir. 2019) (quoting

16   <u>Klein v. City of Laguna Beach</u>, 810 F.3d 693, 698 (9th Cir.

17   2016)).

18        C.   <u>Analysis</u>

19        Plaintiff seeks $12,818.40 in attorneys' fees and $2,338.47

20   in costs under 47 U.S.C. section 605(e)(3)(B)(iii). Mot. at 1,

21   7.

22          1.   <u>Attorneys' Fees</u>

23        "[D]istrict courts in the Ninth Circuit apply the lodestar

24   method to determine whether a fee request is reasonable under

25   Section 605." <u>G & G Closed Cir. Events, LLC v. Velasquez</u>, No.

26   1:20-CV-1736 JLT SAB, 2022 WL 348165 (E.D. Cal. Feb. 4, 2022)

27   (collecting cases); <u>see also</u> <u>Kelly v. Wengler</u>, 822 F.3d 1085,

28   1099 (9th Cir. 2016). The lodestar is calculated by

1   "multiplying the number of hours reasonably expended on a case
2   by a reasonable hourly rate." Kelly, 822 F.3d at 1099.  The
3   Court may also modify "the lodestar figure, upward or downward,
4   based on factors not subsumed in the lodestar figure." Id.

5                    a.   Reasonable Hourly Rates

6       The Court must determine a reasonable hourly rate
7   considering the experience, skill, and reputation of the
8   attorney requesting fees and should be guided by the prevailing
9   rate in the forum community for similar work performed by
10  comparable attorneys.  Chalmers v. City of Los Angeles, 796 F.2d
11  1205, 1210 (9th Cir. 1986), opinion amended on denial of reh'g,
12  808 F.2d 1373 (9th Cir. 1987).  Here, Mr. Riley asserts his
13  current billable rate is $600.00 per hour and submits a
14  declaration in support thereof, but he acknowledges that $350.00
15  per hour has previously been found reasonable.  Mot. at 5;
16  Declaration of Thomas P. Riley ("Riley Declaration"), ECF No.
17  38-1 at ¶ 6.  Indeed, other courts in this District have found
18  an hourly rate between $350.00 and $375.00 to be reasonable as
19  to Mr. Riley.  See J & J Sports Prods. Inc. v. Cervantes, No.
20  116CV00485DADJLT, 2019 WL 935387 at *3 (E.D. Cal. Feb. 26, 2019)
21  ($375.00); G&G Closed Cir. Events, LLC v. Barajas-Quijada, No.
22  1:19-CV-1259 AWI JLT, 2020 WL 1640005 at *2 (E.D. Cal. Apr. 2,
23  2020) (same); J & J Sports Prods., Inc. v. Barajas, No.
24  115CV01354DADJLT, 2017 WL 469343 (E.D. Cal. Feb. 2, 2017)
25  ($350.00); Velasquez, 2022 WL 348165 (same).
26      Given Mr. Riley's skill, experience, and the prevailing
27  rate for similar legal work in the Eastern District, the Court
28  finds an hourly rate of $375.00 to be reasonable and consistent

                                 4

1    with other courts in this District.

2          Plaintiff also seeks to recover $350.00 for every hour

3    billed by an unidentified research attorney.  Mot. at 5; Riley

4    Decl. at ¶ 6.  Given the minimal information provided about this

5    research attorney, see Riley Decl. at ¶ 3, the Court joins the

6    other courts in this District that previously found an hourly

7    rate of $225.00 to be reasonable.  See Velasquez, 2022 WL 348165

8    at *5; Barajas-Quijada, 2020 WL 1640005 at *2.

9          In sum, the Court finds the hourly rates of $375.00 and

10   $225.00 are reasonable as to Mr. Riley and his research

11   attorney, respectively.

12                    b.   Hours Reasonably Expended

13         The Court must also determine whether the hours expended

14   were reasonable.  Kelly, 822 F.3d at 1099.  "In determining

15   reasonable hours, counsel bears the burden of submitting

16   detailed time records justifying the hours claimed to have been

17   expended."  Chalmers, 796 F.2d at 1210.  Courts may reduce the

18   hours expended "where documentation of the hours is inadequate;

19   if the case was overstaffed and hours are duplicated; [or] if

20   the hours expended are deemed excessive or otherwise

21   unnecessary."  Id. (citing Hensley, 461 U.S. at 433-34); see

22   also J & J Sports Prods., Inc. v. Napuri, No. C 10-04171 SBA,

23   2013 WL 4428573, at *1 (N.D. Cal. Aug. 15, 2013).  Here, the

24   hours expended do not appear excessive or unnecessary, and the

25   total time spent was reasonable for the work completed in this

26   action.  Therefore, the Court will not reduce the time billed by

27   both counsel.

28         However, the Court declines to award fees for the time

1   expended by Mr. Riley's administrative assistant.  <u>See</u> Riley

2   Decl. at ¶¶ 5-7; Exh. 1 at 6-10.  Tasks that are clerical or

3   duplicative are not compensable.  <u>E.g.</u>, <u>Nadarajah v. Holder</u>, 569

4   F.3d 906 (9th Cir. 2009) (clerical); <u>Velasquez</u>, 2022 WL 348165

5   (collecting cases regarding duplicative billings).  "[Clerical]

6   tasks include, but are not limited to: creating indexes for a

7   binder; filing emails, memoranda, and other correspondence;

8   updating the case calendar with new dates; copying, scanning,

9   and faxing documents; and filing or serving documents." <u>Moore</u>

10  <u>v. Chase, Inc.</u>, No. 1:14-CV-01178-SKO, 2016 WL 3648949, at *3

11  (E.D. Cal. July 7, 2016) (citing <u>Prison Legal News v.</u>

12  <u>Schwarzenegger</u>, 561 F.Supp.2d 1095, 1102 (N.D. Cal. 2008)).

13  Here, many of the administrative assistant's entries are

14  duplicative of Mr. Riley's entries.  <u>See</u> <u>generally</u> Exh. 1 to

15  Mot.  Other entries are clerical or block-billed with clerical

16  tasks thus preventing the Court from determining how much time

17  within each entry was spent on compensable tasks, if any.  <u>E.g.</u>,

18  Exh. 1 at 6 (2/10/22, "Preparation, Filing, and Service of Third

19  Demand letter to Chantille Marie Clemons").  Although document

20  preparation may be a compensable task, the billable descriptions

21  here are ambiguous and do not sufficiently support that non-

22  clerical skills were required.  <u>See, e.g.</u>, Exh. 1 to Mot. at 9

23  (1/15/2024, "Preparation of Attorneys' Fees and Costs Bill").

24       Therefore, the Court declines to award the administrative

25  assistant's fees given the clerical and duplicative nature of

26  the tasks billed.

27            c.   <u>Lack of Contemporaneous Billing System</u>

28       A contemporaneous billing system is not necessary to

1   recover attorneys' fees, but it is preferred.  Fischer v. SJB-
2   P.D. Inc., 214 F.3d 1115, 1121 (9th Cir. 2000).  Mr. Riley does
3   not utilize a contemporaneous billing system.  Riley Decl. at
4   ¶ 7.  Instead, the hours are reconstructed by reviewing the file
5   and notes at some later time.  Id.  Courts in this District have
6   found the lack of contemporaneous billing to be less reliable
7   and "have reduced the fee award where the time requested for
8   certain tasks appeared to be unnecessary, excessive, or
9   unreasonable."  Joe Hand Promotions, Inc. v. Albright, No. CIV.
10  2:11-2260 WBS, 2013 WL 4094403 at *4 (E.D. Cal. Aug. 13, 2013)
11  (collecting cases); Cervantes, 2019 WL 935387 at *4.  Here,
12  however, the Court does not find the requested time to be
13  unnecessary, excessive, or unreasonable such that a reduction is
14  warranted despite the lack of a contemporaneous billing system.

15                  d.   Lodestar Amount

16       After the rate and hour adjustments, Plaintiff is entitled
17  to recover 5.05 hours at $375.00 per hour for Mr. Riley and
18  24.00 hours at $225.00 per hour for the unidentified research
19  attorney, for a total sum of $7,293.75 in attorneys' fees.

20            2.   Costs

21       Plaintiff is also entitled to recover "full costs" under 47
22  U.S.C. § 605(e)(3)(B)(iii).  Nevertheless, there is a limit as
23  to what costs are compensable, and sufficient documentation must
24  be provided to support that the costs were reasonable.  Here,
25  Plaintiff seeks $2,338.47 in costs, which consists of $402.00
26  for the Court's filing fee, $929.60 for service of process fees,
27  $710.00 in investigative expenses, and $296.87 in courier
28  charges.  Exh. 1 to Mot. at 9; Exh. 2 to Mot.; Exh. 3 to Mot.

1     Filing and service of process fees are compensable, e.g.,

2     Velasquez, No. 1:20-CV-1736 JLT SAB, 2022 WL 348165 at *7, and

3     Plaintiff is entitled to recover those costs based on the record

4     and documents provided.  See Dkt. No. 1 (filing fee); Exh. 3 to

5     Mot. (service of process fees).  However, for the reasons stated

6     below, the Court declines to award Plaintiff investigative and

7     courier costs.

8     Purely investigative costs are generally not recoverable,

9     see Koppinger v. Cullen-Schiltz & Assocs., 513 F.2d 901 (8th

10    Cir. 1975), and many courts in this Circuit have refused to

11    award pre-litigation investigative costs under section

12    605(e)(3)(B)(iii).  E.g., Velasquez, 2022 WL 348165 (E.D. Cal.

13    Feb. 4, 2022) (collecting cases); but see J & J Sports Prods.,

14    Inc. v. Pagliaro, No. 1:12-CV-1507-LJO-SAB, 2014 WL 7140605 at

15    *2 (granting investigative costs without expressly identifying

16    them in its order or discussing their propriety).  Even if the

17    Court were to hold that purely investigative expenses are

18    compensable under section 605, the documentation provided here

19    is insufficient to support that the charge was reasonable.  G &

20    G Closed Circuit Events, LLC v. Parker, 2021 WL 164998, at *9

21    (S.D. Cal. Jan. 19, 2021) (declining to "award investigator fees

22    when documented by an invoice containing nothing more than an

23    amount without even detailing the investigative services

24    provided or qualifications of the investigator."); G & G Closed

25    Cir. Events, LLC v. LA Placita RM Rest. Inc., No. 2:22-CV-01089-

26    DAD-DB, 2023 WL 8933585 (E.D. Cal. Dec. 26, 2023).  Mr. Riley

27    opines that this cost was reasonable, Riley Declaration at ¶ 9,

28    but the only documentation Plaintiff submits is an invoice

8

generated not by the investigative company but by the Law
Offices of Thomas P. Riley.  See Exh. 2 to Mot. at 12.
Critically, however, the qualifications of the investigator and
details of the investigation are omitted.  See generally Mot.;
Riley Decl. ¶ 9.  Based on this information, the Court cannot
conclude whether this cost is reasonable, even assuming
investigative costs are compensable.  See J & J Sports Prods.,
Inc. v. Barajas, No. 115CV01354DADJTL, 2016 WL 2930549 at *5
(E.D. Cal. May 19, 2016).

The same is true for the courier charges Plaintiff seeks to
recover.  The only documentation Plaintiff provides is an
itemization of courier expenses generated by the Law Offices of
Thomas P. Riley; Plaintiff does not include receipts for the
courier expenses incurred.  See Exh. 1 to Mot. at 9.  Therefore,
the Court finds Plaintiff has not provided sufficient
documentation to support an award of courier costs.  E.g.,
Barajas, 2016 WL 2930549 at *3 (refusing to award courier
charges when no documentation was provided even though courier
fees are recoverable under § 605); G & G Closed Cir. Events, LLC
v. Aguilar, No. 18CV465 JM (BGS), 2018 WL 6445883 (S.D. Cal.
Dec. 10, 2018) (same).

In sum, Plaintiff is entitled to $402.00 in filing fees and
$929.60 in service of process fees for total sum of $1,331.60 in
costs.  All other requests for costs are denied.

## II.   ORDER

Accordingly, the Court ORDERS as follows:

The Court GRANTS IN PART and DENIES IN PART Plaintiff's
motion for attorneys' fees and costs under 47 U.S.C. section

605(e)(3)(B)(iii).  Plaintiff is awarded $7,293.75 in attorneys'
fees and $1,331.60 in costs, for a total sum of $8,625.35.

    IT IS SO ORDERED.

Dated: March 26, 2024

_____
JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE